UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RAWLEIGH FISHER ET AL**              **CASE NO.  2:21-CV-01105**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**USAA INSURANCE CO**                  **MAGISTRATE JUDGE KAY**


**<u>MEMORANDUM ORDER</u>**

Before the court is a Motion in Limine [doc. 32] filed by defendant USAA Casualty Insurance Company ("USAA") and seeking to limit the testimony of plaintiffs' proposed expert witnesses Brett Breaux, Randall Harris, and Ray Prunty, under the standards set forth in *Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 57 (1993), and Federal Rule of Evidence 702. Plaintiffs oppose the motion. Doc. 35.

## I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Lake Charles, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck the same area on October 9, 2020. At all relevant times the property was insured under a homeowner's policy issued by USAA. Plaintiffs allege that USAA failed to timely or adequately compensate them for all losses covered under the policy. Accordingly, they filed suit in this court on April 26, 2021, raising claims of breach of contract and bad faith under Louisiana law. Doc. 1.

The case proceeded through the streamlined settlement process outlined in the court's Case Management Order for first-party insurance claims arising from Hurricanes Laura and Delta, but did not resolve. Doc. 13. It is now set for a jury trial before the undersigned on December 5, 2022. Doc. 14. USAA has moved to limit the testimony of plaintiffs' proposed expert witnesses Brett Breaux, Randall Harris, and Ray Prunty on the grounds that (1) Harris and Prunty's opinions on the scope of repairs are unreliable and (2) Breaux lacks the qualifications necessary to testify on causation. Doc. 32.

## II.
### LAW & APPLICATION

#### A. Rule 702/*Daubert*

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

## B. Application

### 1. Harris and Prunty

Harris is the owner of LRG Claims, LLC while Prunty is an employee of LRG who prepared an estimate of repairs for plaintiffs. Doc. 32, att. 7, pp. 9, 50 (Harris deposition); doc. 32, att. 3 (estimate). In their expert designations, plaintiffs indicate that one or both of these witnesses "may testify as an expert in areas of repair cost estimates to Plaintiffs' property in Hurricanes Laura/Delta; scope of property damages sustained by Plaintiffs' Dwelling and Other Structures in Hurricane Laura/Delta; and necessary repairs to Plaintiffs' Dwelling and Other Structures as a result of Hurricane Laura/Delta." Doc. 32, att. 2.

USAA seeks to limit both witnesses' ability to testify, as outlined in the LRG estimate, that all windows and drywall in the home will need to be replaced. As plaintiffs note in their opposition, however, Harris was deposed and has explained the bases of the opinions in the estimate. He references an engineering report in connection with the window replacement that informed his conclusion that the windows were not rated to withstand the hurricane's wind forces. Doc. 32, att. 7, pp. 48–49. That report has not been produced in discovery despite requests by the defense and, accordingly, may not be referenced or introduced at trial. However, plaintiffs state that they will instead introduce evidence regarding the types of windows and their wind ratings. On the sheetrock issue, Harris testified that he believed it should be removed rather than repainted because "the vast majority of the times, there is a material on the back side . . . that has first been affected by the water before the water was able to saturate the drywall" and that pulling this out was the only way to prevent mold. *Id.* at 60. The defense may cross-examine Mr. Harris as to the soundness of his conclusions, but it fails to show sufficient gaps in his expertise or methodology to warrant exclusion under *Daubert*.

### 2. Brett Breaux

Contractor Brett Breaux has also been named as a non-retained expert for plaintiffs. Doc. 32, att. 2. His designation provides that he

> may testify and offer expert opinions relating to the repair cost estimates and bids to Plaintiffs' Dwelling and Other Structures for damages sustained in Hurricanes Laura/Delta; the scope of property damages sustained by Plaintiff's Dwelling and Other Structures in Hurricanes Laura/Delta and the necessary repairs to Plaintiffs' Dwelling and Other Structures as a result of Hurricanes Laura/Delta.

*Id.* at 2. In his deposition, Breaux admitted that he had no experience or training in identifying storm damage. Doc. 32, att. 6, p. 15. He further admitted that he relied on the LRG estimate in preparing a segregated bid differentiating between hurricane repairs and planned upgrades to plaintiffs' home. *Id.* at 18. Accordingly, the defense maintains that he lacks the expertise required to testify on the cause of damage to the property. Plaintiffs respond, however, that they have no intention of questioning Mr. Breaux on causation but that he should be permitted to testify about his observations when he visited the property, the photographs he took at that time, and his opinions on construction best practices and "real time current costs." Doc. 35, pp. 3–4. The defendant's motion presents no basis for undermining his testimony in these areas.

### III.
### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion in Limine [doc. 32] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 16th day of November, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**